**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-06-118-M |
| ) | |
| JOSE ANGEL LOPEZ, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant Jose Angel Lopez's ("Lopez") Motion in Limine, filed June 14, 2006. On June 21, 2006, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

**I.      Introduction**

On May 17, 2006, the grand jury returned an Indictment charging Lopez and co-defendant Brandy Lee Beverly with eight counts of transporting illegal aliens. On June 20, 2006, the grand jury returned a Superseding Indictment charging Lopez with eight counts of transporting illegal aliens.[1] This case is set on the Court's July, 2006 trial docket.

**II.     Discussion**

Lopez now moves this Court for an order prohibiting the government from introducing the following: (1) evidence that Lopez previously transported illegal aliens approximately two years ago; (2) evidence that Lopez was previously given a voluntary return as an illegal alien citizen of Mexico; (3) evidence that Lopez has previously used forged identification documents or false social security cards or numbers; and (4) testimony from the eight illegal aliens named in the Superceding

---

[1] The Superseding Indictment omitted an allegation in the original Indictment charging that Lopez committed the offense "for private financial gain."

Indictment that they paid money to "coyotes" to assist them in illegally crossing the border.

### A.     Prior transportation of illegal aliens

Lopez asserts that this evidence is not admissible under Federal Rule of Evidence 404. Rule 404(b) provides, in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.** – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). "The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (internal quotations omitted). To determine whether the admission of Rule 404(b) evidence is proper, the Tenth Circuit applies "a four part test which requires that: (1) the evidence was offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence was relevant under Fed.R.Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).

Having carefully reviewed the parties' submissions, the Court finds that any evidence that Lopez previously transported illegal aliens approximately two years ago is admissible under Rule 404(b). First, the Court finds that such evidence is being offered for the proper purpose of showing Lopez's knowledge that he was transporting illegal aliens. Second, the Court finds that such evidence is clearly relevant since one of the few disputed issues in this case is whether Lopez knew

he was transporting illegal aliens. Third, the Court finds that the probative value of such evidence is not substantially outweighed by its potential for unfair prejudice. The Court finds that Lopez's prior transportation of illegal aliens is close in time, highly probative, and similar to the activity charged in the case at bar. Finally, the Court would note that upon Lopez's request, it will give the jury a limiting instruction in relation to this evidence.

Accordingly, the Court finds that Lopez's motion in limine to exclude evidence of Lopez's prior transportation of illegal aliens should be denied.

### B. Previous voluntary return to Mexico

There is some evidence in this case that Lopez was given a voluntary return to Mexico in November, 2005. In relation to this voluntary return, Lopez apparently signed the "voluntary return" forms, admitting that he was in the United States illegally, waiving a hearing in Immigration Court, and agreeing to be returned to Mexico, where he said he was born. However, when Lopez was stopped in this case, he presented a copy of a California birth certificate which he said was his. The government asserts that if Lopez is an illegal alien, and he lied and presented a false United States birth certificate, this evidence should be admitted into evidence under Rule 404(b). Lopez asserts that this evidence is not admissible under Rule 404(b).

Having carefully reviewed the parties' submissions, the Court finds that any evidence that Lopez was given a voluntary return to Mexico is admissible under Rule 404(b). First, the Court finds that such evidence is being offered for the proper purpose of showing Lopez's knowledge or the absence of mistake or accident in this case. Second, the Court finds that such evidence is clearly relevant to the issue of whether Lopez knew he was transporting illegal aliens. Third, the Court finds that the probative value of such evidence is not substantially outweighed by its potential for

unfair prejudice. Finally, the Court would note that upon Lopez's request, it will give the jury a limiting instruction in relation to this evidence.

Accordingly, the Court finds that Lopez's motion in limine to exclude evidence of Lopez's previous voluntary return to Mexico should be denied.

### C. Forged identification documents/false social security cards or numbers

There is some evidence that Lopez possessed a false California identification card and a false social security card which were seized by police in Yuma, Arizona, in October, 2005. Lopez asserts that this evidence is not admissible under Rule 404.

Having carefully reviewed the parties' submissions, the Court finds that evidence that Lopez possessed forged identification documents and false social security cards or numbers is not relevant and, accordingly, is not admissible. Specifically, the Court finds that such evidence does not have any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. Accordingly, the Court finds that Lopez's motion in limine to exclude evidence that Lopez possessed forged identification documents and false social security cards or numbers should be granted.

### D. "Coyotes"

During the depositions of the illegal alien witnesses listed in the indictment, the government inquired as to how each witness last entered the United States. The witnesses testified that they crossed the border in the desert with or without the help of a paid "coyote."[2] Lopez asserts that this testimony is prejudicial and should not be admitted. The government contends this testimony is

---

[2] There is no evidence that Lopez had anything to do with the witnesses' entries into the United States.

relevant because in order for the jury to find Lopez guilty, the government must prove that each alien entered or remained in the United States in violation of the law. The government further asserts that deleting all of the testimony at issue would cause "the omission of countless chunks of testimony including evidence which proves they entered illegally, many entering shortly before they met Lopez." Finally, the government contends that such testimony is not unfairly prejudicial to Lopez.

Having carefully reviewed the parties' submissions, the Court finds that the witnesses' testimony regarding how they last entered the United States is relevant. The Court further finds that in light of the fact that this testimony in no way implicates any connection between Lopez and the "coyotes," the probative value of such testimony is not substantially outweighed by its potential for unfair prejudice.[3] Accordingly, the Court finds that Lopez's motion in limine to exclude testimony regarding paid "coyotes" should be denied.

### III.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Lopez's Motion in Limine [docket no. 85] as follows:

(A)    The Court GRANTS the motion in limine as to all evidence that Lopez possessed forged identification documents and false social security cards or numbers, and

---

[3]The Court, however, would direct the government to keep any testimony regarding "coyotes" to a minimum and to use only such testimony as is necessary to prove that the witness entered or remained in the United States in violation of the law.

(B)     The Court DENIES the motion in limine as to evidence that Lopez previously transported illegal aliens approximately two years ago, evidence that Lopez was previously given a voluntary return to Mexico, and testimony regarding paid "coyotes."

**IT IS SO ORDERED this 27th day of June, 2006.**

VICKI MILES-LaGRANGE  
UNITED STATES DISTRICT JUDGE